IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID L. YOUNG,

    Plaintiff,

v.                                                    CIV. NO. 04-1174 WPL

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

David Young applied for Social Security Disability Insurance benefits and for Supplemental Security Income on March 26, 2003, claiming that his disability began on April 1, 2001. [Administrative Record (AR) 52] Following an adverse decision by the Commissioner of Social Security, he brought an action for review in this court. [Doc. 1] Young argues that the Administrative Law Judge ("ALJ") made two errors: (1) he did not make the legally required findings to support the conclusion that Young could perform his past work, and (2) his credibility finding is not supported by substantial evidence and is contrary to law. [Doc. 12 at 3] This matter is before me on Young's Motion to Reverse and Remand [Doc. 11], the Commissioner's Response [Doc. 16], and Young's Reply [Doc. 17]. Having considered the briefs, pleadings, and applicable law, I will grant Young's motion in part and deny it in part.

**PROCEDURAL AND FACTUAL HISTORY**

Young was born in 1949. [AR 52] He has performed several types of work, including salesman, machine operator, painter, truck driver, oiler, and forklift operator. [AR 84] He filed for

benefits on March 26, 2003, claiming that he had become unable to work because of problems with his knees, back, and hips. [AR 52, 93] He stated that he is unable to work because he cannot sit or stand for long periods of time. [AR 93] Young claims that these conditions first began to bother him and he became unable to work on April 1, 2001. *Id.* He stated that he stopped working on February 1, 2003, because his mother had passed away and he moved in to take care of her house. *Id.*

The Social Security Administration denied Young's claim. [AR 219] On reconsideration of that decision, the Social Security Administration found the denial proper. *Id.* ALJ David R. Wurm held a hearing in Young's case on May 26, 2004. [AR 226] ALJ Wurm denied benefits to Young. [AR 18]

Young requested a review of the ALJ's hearing decision [AR 223], which was denied [AR 6]. Young then filed a civil action in this court seeking review of the ALJ's decision. [Doc. 1]

## LEGAL STANDARDS

The standard of review in a Social Security case is whether the Commissioner's final decision is supported by substantial evidence and whether she applied the correct legal standards. *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla and is that evidence as a reasonable mind might find adequate to support a conclusion. *Id.* Evidence is not substantial if it is overwhelmed by other evidence in the record or is a mere conclusion. *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The ALJ must consider all of the medical evidence and discuss evidence that detracts from or undercuts his decision. *See Grogan*, 399 F.3d at 1262. I must meticulously examine the record to determine whether there is substantial evidence, but may not reweigh the evidence or substitute my discretion for that of the agency. *Musgrave*, 966 F.2d at 1374.

"In order to determine whether a claimant is under a disability, the Secretary applies a five-step inquiry: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment; (3) whether the impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment prevents the claimant from continuing his past relevant work; and (5) whether the impairment prevents the claimant from doing any kind of work." *Id.* (citing 20 C.F.R. §§ 404.1520, 416.920 & *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir.1988)). If the agency finds the claimant disabled or not disabled at any point in the process, the inquiry ends. *Id.*

The ALJ found Young to be not disabled at step four of the sequential analysis, which is comprised of three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). In the first phase, the ALJ must evaluate the claimant's mental and physical residual functional capacity ("RFC"). *Id.* The ALJ must then determine the physical and mental demands of the claimant's past relevant work. *Id.* (citing 20 C.F.R. § 404.1520(e)). Finally, the ALJ must determine whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one. *Id.* The ALJ must make specific findings at each phase of step four. *Id.*

### THE ALJ'S PAST RELEVANT WORK FINDING

The ALJ concluded that Young can return to his past relevant work as a house painter and a machine operator. [AR 17] Young claims that the ALJ did not make the required factual findings that must accompany a determination that Young can perform his past relevant work. [Doc. 12 at 3]

*Residual Functional Capacity Determination*

The ALJ ruled that Young retained an RFC supporting a full range of light work. [AR 16] Young argues that I must remand for rehearing because the ALJ did not consider the limitations from his shoulder and hand problems. [Doc. 12 at 5] When a claimant has a severe impairment not meeting one of the listed impairments, the ALJ must consider the limiting effects of all of the impairments, even those that are not severe, in determining the RFC. *Gibbons v. Barnhart*, 85 Fed. Appx. 88, 91 (10th Cir. 2003) (citing 20 C.F.R. § 404.1545(e)).

The ALJ did take into account all of the impairments Young claimed, including the limitations from his shoulder and hand impairments. The ALJ mentioned medical findings on upper extremity motions and pinch and grip strength. [AR 16] He also discussed Young's claim of shoulder pain from a torn rotator cuff. [AR 15]

Young also argues that a limitation on the ability to push or pull with the upper extremities is inconsistent with the job demands of light work. [Doc. 12 at 4-5] He cites for this proposition *Wadford v. Chater*. *Id.* at 5. In *Wadford*, the court refused to adopt a categorical rule permitting use of the grids when the limitation involves dexterity. *Wadford v. Chater*, 92 F.3d 1197, No. 95-7147, 1996 WL 421988, at *2 (10th Cir. 1996) (unpublished table decision); [Doc. 12 Ex. A]. As noted by Young, the court stated that "several decisions of this court presuppose, without any reservation, the potential significance of manipulative limitations in the light-RFC context."[1] *Id.* at *2 n.2. However, the Social Security Administration classifies under different classes of limitations those involving dexterity and those involving the ability to push and pull. Limitations which affect

---

[1] In the same report where he found the push and pull limitations, the consultative examiner noted that Young had no manipulative limitations. *Id.* at 158. Specific manipulative limitations he found that Young did not experience included "Handling (gross manipulation)" and "Fingering (fine manipulation)." *Id.*

4

the ability to meet the strength demands of jobs are considered exertional.[2]  20 C.F.R. § 404.1569a(a).  Limitations which affect the ability to meet job demands other than the strength demands are considered nonexertional.  *Id.*  A limitation on pushing or pulling is exertional while a limitation on dexterity is nonexertional.  *Id.*; *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir. 1983).  Young has not explained why *Wadford* should apply to a limitation on the ability to push or pull with the upper extremities.

Young further claims that the ALJ erred by referring to the consultative examiner's opinions to support a light work RFC while ignoring that physician's findings of upper extremity impairments.  [Doc. 17 at 1-2]  The ALJ may not pick and choose which aspects of an uncontradicted medical opinion to believe and ignore those which favor a finding of disability.  *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004).

The Commissioner argues that the ALJ did not rely on the consultative examiner's opinions but rather gave Young "the benefit of a doubt."  [Doc. 16 at 4-5; *see* AR 16]  The Commissioner further argues that while the consultative examiner did find limitations on Young's ability to push and pull with his upper extremities, he was the only doctor to do so and that his opinion was not entitled to greater weight than the opinions of the other doctors in the case.  [Doc. 16 at 4-5 & 5 n.1]

The ALJ did not ignore those aspects of the opinion which supported a finding of disability.  Rather, to the extent that the ALJ may have relied on the consultative examiner's opinion, he used it to find that Young was limited to light work.  No other physician found that Young was limited to light work.  Young has failed to show that the ALJ applied the incorrect legal standards or that his

---

[2] The strength demands are sitting, standing walking, lifting, carrying, pushing, and pulling.  20 C.F.R. § 404.1569a(a).

decision is not supported by the evidence.

*Past Relevant Work*

Young argues that the ALJ erred by making no inquiry or findings in phase two of step four. [Doc. 17 at 2]  In phase two, the ALJ must determine the physical and mental demands of the claimant's past relevant work. *Winfrey,* 92 F.3d at 1023.  The ALJ must make specific findings at each phase of step four.  *Id.*  Specifically, the ALJ must make findings regarding the physical and mental demands of prior occupations. *Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993) (citing 20 C.F.R. § 404.1520(e)); S.S.R. 82-62, 1975-1982 Soc. Sec. Rep. Serv. 809, 1982 WL 31386, at *4 (S.S.A.).

The Commissioner cites to *Westbrook v. Massamari* to support her contention that the step two analysis was proper.  [Doc. 16 at 7]  In *Westbrook*, the Tenth Circuit stated that its holding in *Winfrey* was not intended to needlessly constrain ALJs, but rather to ensure the formation of a record capable of review.  26 Fed. Appx. 897, 903 (10th Cir. 2002) (unpublished).  The court stated that in *Henrie* it was compelled to remand since the record was devoid of any mention of the demands of the claimant's past relevant work and the prior occupation was never mentioned in evidence.  *Id.* The court found that there was no need for a more detailed inquiry since the record was adequately developed and there was no evidence that the claimant had any limitation.  *Id.*

*Westbrook* is distinguishable because the record in that case included testimony about the demands of claimant's past relevant work and specific findings on this issue by the ALJ.  In this case the ALJ failed to adequately develop the record with factual information about Young's past relevant work.  Neither the ALJ nor counsel asked Young about the physical or mental requirements of his jobs as a house painter and machine operator.  The ALJ further failed to make any factual findings

about the actual demands of these jobs. I will therefore remand for the ALJ to develop specific findings as to the demands of Young's past work.

## PAIN AND CREDIBILITY FINDINGS

Young claims that the ALJ's credibility findings are not supported by substantial evidence and are contrary to law. [Doc. 12 at 3] When making a claim of disabling pain, the claimant must first prove through objective medical evidence the existence of an impairment which could reasonably be found to produce the alleged pain. *Hamlin v. Barnhart*, 365 F.3d 1208, 1220 (10th Cir. 2004). Next, she must show that there is a loose nexus between the impairment and the allegations of pain, and if so, whether considering all the evidence the pain is disabling. *Id.*

Credibility determinations are the province of the ALJ, and the reviewing court will not upset them when they are supported by substantial evidence. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). However, deference is not an absolute rule. *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993). Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Kepler*, 68 F.3d at 391. *Kepler* does not require a "formalistic factor-by-factor analysis of the evidence;" the ALJ must simply "set[] forth the specific evidence he relies on in evaluating the claimant's credibility." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). Where an ALJ does not give reasons for discounting the claimant's credibility or gives insufficient reasons, the reviewing court is "free to view the ALJ's conclusion with 'a skeptical eye.'" *See Talbot v. Heckler*, 814 F.2d 1456, 1461 (10th Cir. 1987).

To be disabling, subjective symptoms of pain must be so severe as to preclude any substantial gainful employment. *Brown v. Bowen*, 801 F.2d 361, 362-63 (10th Cir. 1986). A claimant's subjective complaints of pain alone are insufficient to establish disability, but they must be considered

in evaluating a claim based on pain. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990). A lack of objective corroborative evidence alone is insufficient to support a credibility determination. *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004). An ALJ may consider numerous factors, including the extensiveness of the attempts to obtain relief, subjective measures of credibility that are peculiarly within the judgment of the ALJ, and the consistency or compatibility of nonmedical testimony with objective medical evidence. *Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988).

The ALJ gave adequate reasons to discount Young's credibility. [AR 15-16] He did not make unsupported conclusions about Young's credibility. Rather, he specifically based his credibility findings on specific contradictions in the medical records and in Young's statements. *Id.* His conclusions were based on inconsistencies and contradictions in Young's statements to physicians and later testimony in the administrative hearing. *Id.* The ALJ's findings are supported by substantial evidence in the record.

Young also claims that the ALJ erroneously found that he was not compliant with treatment for hemochromatosis. [Doc. 12 at 7-8] To the contrary, there is sufficient evidence to conclude that Young was noncompliant with treatment for hemochromatosis. Young's medical reports on May 5, 2003 note that his red blood count, hemoglobin, and hematocrit were "all grossly elevated." [AR 178] Young's doctor recommended treatment of therapeutic phlebotomy twice weekly until his hemoglobin was normal. *Id.* Young appears to have undergone phlebotomy on May 1 and 5, 2003, and June 6 and 11, 2003. [AR 187, 189, 193, 194] He appeared for treatment on June 13, 2003 but did not require phlebotomy. [AR 192] Young's hemoglobin, hematocrit, and red blood count remained elevated on August 7, 2003. [Doc. 12 at 8; *see* AR 195] This evidence adequately supports the ALJ's determination that Young was noncompliant with treatment.

8

## CONCLUSION

IT IS THEREFORE ORDERED that Young's Motion to Reverse and Remand is GRANTED in part and this matter is remanded so that the ALJ can make specific findings about the physical and mental demands of Young's work as a house painter and machine operator, but is DENIED as to all other grounds raised.

IT IS SO ORDERED.

_____
WILLIAM P. LYNCH
UNITED STATE MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.